UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

JAMES ANDERSON and JOHN O'MEARA, as
Trustees and Fiduciaries of the Local 966 Welfare
Trust Fund,

                      Plaintiffs,

          - against -

260 HERKIMER STREET LIMITED PARTNERSHIP
a/k/a 260-280 HERKIMER STREET, LP d/b/a
SHINDA MANAGEMENT CORPORATION,
KINGSTON HEIGHTS APARTMENTS L.P. a/k/a
KINGSTON HEIGHTS, APTS., LP d/b/a SHINDA
MANAGEMENT CORPORATION, WILLOUGHBY
COURT APARTMENTS L.P. a/k/a WILLOUGHBY
COURT APTS., INC. d/b/a SHINDA MANAGEMENT
CORPORATION,

                    Defendants.

Case No.:

-------------------------------------------------------------------x

## COMPLAINT

Plaintiffs James Anderson and John O'Meara, as Trustees and fiduciaries of the Local 966 Welfare Trust Fund (the "Fund"), for their complaint allege as follows:

## INTRODUCTION

This is an action brought under the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA") to collect delinquent contributions, and various other sums, owed by an employer to an employee benefit plan.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§185(a), 1132(a)(3), 1132(e)(1), 1132(f) and 1145.

2. Venue lies in this district under 29 U.S.C. §1132(e)(2), as the defendants reside in this district. Venue also lies in this district under 29 U.S.C. §185(a).

## THE PARTIES

3.      Plaintiffs are Trustees and fiduciaries of the Fund within the meaning of 29 U.S.C. §1002(21)(A), as they have discretion and control over the assets and administration of the Fund.

4.      The Fund is an "employee benefit plan" and "multiemployer plan" within the meaning of 29 U.S.C. §1002(3) and §1002(37), with its principal places of business at c/o Benesys, 7130 Columbia Gateway Drive, Suite A, Columbia, Maryland 21046 and 310 Hudson Street Suite 2-C, Hackensack, New Jersey 07601.

5.      The Fund is jointly administered by a Board of Trustees, comprised of an equal number of labor and management representatives in accordance with Section 302(c)(5) of the Labor Management Relations Act (the "LMRA"), 29 U.S.C. §186(c)(5).

6.      The Fund is maintained pursuant to a Restated Agreement and Declaration of Trust (the "Trust Agreement") for the purposes of collecting and receiving contributions from employers bound to collective bargaining agreements with the Local 966, International Brotherhood of Teamsters (the "Union") and providing benefits to eligible participants.

7.      The collective bargaining agreements and the Trust Agreement set forth "terms of the plan," establishing that the Trustees are fiduciaries responsible for administering the Fund and that the Fund is a beneficiary of the collective bargaining and Trust Agreement terms.  Accordingly, the Trustees have legal right to bring suit under 29 U.S.C. §1132(a)(3) and 29 U.S.C. §1145.

8.      Defendant 260 Herkimer Street Limited Partnership a/k/a 260-280 Herkimer Street, LP d/b/a Shinda Management Corporation ("Herkimer") is a New York Corporation and has place of business at 221-10 Jamaica Avenue, 3rd Floor, Queens Village,

New York 11428, and at all times relevant to this action has been, an "employer" within the meaning of 29 U.S.C. §1002(5) and the Trust Agreement.

9.      Defendant Kingston Heights Apartments L.P., a/k/a Kingston Heights, Apts., LP d/b/a Shinda Management Corporation ("Kingston") is a New York Corporation and has place of business at 221-10 Jamaica Avenue, 3rd Floor, Queens Village, New York 11428, and at all times relevant to this action has been, an "employer" within the meaning of 29 U.S.C. §1002(5) and the Trust Agreement.

10.     Defendant Willoughby Court Apartments L.P. a/k/a Willoughby Court Apts., Inc. d/b/a Shinda Management Corporation ("Willoughby") is a New York Corporation and has place of business at 221-10 Jamaica Avenue, 3rd Floor, Queens Village, New York 11428, and at all times relevant to this action has been, an "employer" within the meaning of 29 U.S.C. §1002(5) and the Trust Agreement.

11.     Shinda Management Corporation ("Shinda Management") is a New York Corporation and has place of business at 221-10 Jamaica Avenue, 3rd Floor, Queens Village, New York 11428, and at all times relevant to this action has been, an "employer" within the meaning of 29 U.S.C. §1002(5) and the Trust Agreement.  (Shinda Management, with Herkimer, Kingston, and Willoughby, are the "Companies")

12.     Upon information and belief, Shinda Management owns and controls Herkimer.

13.     Upon information and belief, Shinda Management owns and controls Kingston.

14.     Upon information and belief, Shinda Management owns and controls Willoughby.

## FACTUAL BASIS FOR CLAIM

The Collective Bargaining Agreements, the Trust
Agreement and the Obligation To Contribute to the Fund

15.     The Companies have at all times relevant to this action each been party to a collective bargaining agreement with the Union (collectively, and individually, the applicable collective bargaining agreements are the "CBA").

16.     Pursuant to the CBA, the Companies are each bound by the terms and conditions, rules and regulations of the Trust Agreement and the Fund's Delinquency Collections Guidelines (the "Collections Policy").

17.     At all times relevant to this action, the CBA, the Trust Agreement, and Collections Policy have required the Companies to each to make contributions to the Fund on behalf of its employees who are covered by the CBA.

18.     Along with the contributions, the Companies are each obligated to report the relevant contributions amounts due to the Fund.

19.     The Trust Agreement provides that if the Employer fails to remit contributions by the date due, the Trustees, or other Fund representatives designated by the Trustees, shall have the power to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Agreement. They shall take such steps, including the adoption of delinquency collection guidelines and the institution and prosecution of, or the intervention in, such legal or administrative proceedings, including arbitrations, as the Trustees, in their sole discretion, determine to be in the best interest of the Fund for the purpose of collecting such payments, money and property.  In addition to any other remedies to which the parties may be entitled, an Employer who does not make the required contributions promptly when due shall be

obligated to pay interest on the monies due, at the rate determined by the Trustees, from the date when the payment was due to the date when payment is made.

20.     The Trust Agreement and Collections Policy provides for the collection of interest, liquidated damages, and attorney's fees and costs.

## HERKIMER

Unpaid Contributions

21.     For the period commencing November 2017 and continuing to date, Herkimer reported contributions due, but failed to remit all of the corresponding contributions due, failed to pay at the correct rate set forth in the CBA or failed to pay on behalf of an employee it had reported to the Fund.

22.     To the extent for any applicable month Herkimer has failed to report or remit all contributions due, Herkimer is obligated to do so under the CBA and the Fund's governing documents.

23.     Through various correspondences, the Fund and their legal counsel requested that Herkimer pay the delinquent contributions.

24.     To date, Herkimer has failed to pay the contributions owed.

25.     In such instance, Herkimer is also obligated to remit interest, liquidated damages, attorney's fees and costs.

Amounts Due on Contributions Paid Late

26.     Herkimer paid certain contributions late for certain periods commencing with December 2016.

27.     In such instance, Herkimer is obligated to remit interest, liquidated damages, attorney's fees and costs.

28.     To date, Herkimer has failed to pay the interest, liquidated damages, attorney's fees and costs due on the late paid contributions.

## KINGSTON

Unpaid Contributions

29.     For the period commencing September 2016 and continuing to date, Kingston reported contributions due, but failed to remit all of the corresponding contributions due, failed to pay at the correct rate set forth in the CBA or failed to pay on behalf of an employee it had reported to the Fund.

30.     To the extent for any applicable month Kingston has failed to report or remit all contributions due, Kingston is obligated to do so under the CBA and the Fund's governing documents.

31.     Through various correspondences, the Fund and their legal counsel requested that Kingston pay the delinquent contributions.

32.     To date, Kingston has failed to pay contributions owed.

33.     In such instance, Kingston is obligated to remit interest, liquidated damages, attorney's fees and costs.

Amounts Due on Contributions Paid Late

34.     Kingston paid certain contributions late for certain commencing with September 2016.

35.     In such instance, Kingston is obligated to remit interest, liquidated damages, attorney's fees and costs.

36.     To date, Kingston has failed to pay the interest, liquidated damages, attorney's fees and costs due on the late paid contributions.

## WILLOUGHBY

Unpaid Contributions

37.     For the period of commencing April 2017 and continuing to date, Willoughby reported contributions due, but failed to remit all of the corresponding contributions due, failed to pay at the correct rate set forth in the CBA, incorrectly calculated the hours to be contributed or failed to pay on behalf of an employee it had reported to the Fund.

38.     To the extent for any applicable month Willoughby has failed to remit or report all contributions due, Willoughby is obligated to do so under the CBA and the Fund's governing documents.

39.     Through various correspondences, the Fund and their legal counsel requested that Willoughby pay the delinquent contributions.

40.     To date, Willoughby has failed to pay contributions owed.

41.     In such instance, Willoughby is obligated to remit interest, liquidated damages, attorney's fees and costs.

Amounts Due on Contributions Paid Late

42.     Willoughby paid contributions late for certain periods commencing with December 2016.

43.     In such instance, Willoughby is obligated to remit interest, liquidated damages, attorney's fees and costs.

44.     To date, Willoughby has failed to pay the interest, liquidated damages, attorney's fees and costs due on the late paid contributions.

Other Amounts

45.     On information and belief, additional contributions, interest, liquidated damages, and attorney's fees and costs will continue to become due and owing by Herkimer,

Kingston Court, Willoughby, and/or Shinda Management Corporation, to the Fund during the pendency of this action.

## COUNT I — ERISA

46.     Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs.

47.     Section 515 of ERISA, 29 U.S.C. §1145, requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

48.     The Companies' respective failure to pay contributions, interest, liquidated damages, and attorney's fees and costs owing to the Fund violates the CBA, the Trust Agreement, and the Collections Policy which are incorporated into the CBA, and thus gives rise to an action under ERISA Section 515.

49.     Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), mandates that

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce [Section 515] in which a judgment in favor of the plan is awarded, the court shall award the plan,
> the unpaid contributions,
> (a)     interest on the unpaid contributions,
> (b)     an amount equal to the greater of
>         (i)     interest on the unpaid contributions or;
>         (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the [unpaid contributions],
> (c)     reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (d)     such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan….

50.     The Fund is thus entitled under ERISA Section 502(g)(2) to unpaid contributions, interest, liquidated damages, attorney's fees and costs from each of the Companies.

## COUNT II — LMRA

51.     Section 301 of the LMRA, 29 U.S.C. §185(a), provides a federal cause of action for "[s]uits for violation of contracts between an employer and a labor organization."

52.     By failing to pay the contributions, and other amounts owing, the Companies have each violated the CBA, the Trust Agreement, and the Collections Policy, which are each incorporated into the CBA.

53.     The Fund is thus entitled under the CBA, Trust Agreement, Collections Policy and LMRA Section 301(a) to the unpaid contributions, interest, liquidated damages, attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter a judgment:

54.     Ordering each of the Companies to pay to the Fund their respective delinquent contributions owed, interest on all delinquent and late-paid contributions; liquidated damages, and the Fund's attorney's fees and costs.

55.     To the extent not yet done so, ordering each of the Companies to report and remit all corresponding contributions, interest, liquidated damages, and attorney's fees due to date.

56.     Providing such other legal and equitable relief as the Court deems proper, including injunctive relief where warranted.

Dated:  New York, New York
        May 27, 2020

                                        /s/ Lisa M. Gomez
                                        Lisa M. Gomez
                                        COHEN, WEISS AND SIMON LLP
                                        900 Third Avenue, 21st Floor
                                        New York, New York 10022-4869
                                        (212) 563-4100
                                        lgomez@cwsny.com

                                        Attorney for Plaintiffs